THOMAS P. BRANCH, plaintiff in error, *vs.* THE MECHANICS' BANK OF AUGUSTA, defendant in error.

(This case was argued at the January term, 1874, and decision reserved.)

1. Under the decision in *Kimbro vs. The Bank of Fulton,* 49 *Georgia Reports,* 419, the plea in this case was defective in not fully setting out the facts relied on to sustain it, and the demurrer on that ground should have been sustained.
2. The other questions raised on the trial are decided in the cases of *Dobbins vs. Sibley,* and *Branch vs. Baker,* pronounced on at the present term.

Constitutional law. Pleading. Before Judge GIBSON. Richmond Superior Court. April Term, 1873.

Branch brought complaint against the Mechanics' Bank for $95,641 00, and twenty-five per cent. damages, besides interest, on certain of its bills, all dated and alleged to have been issued prior to the year 1861. The defendant pleaded "that the several notes or bills on which said action is founded

were issued and paid out during the late rebellion of the southern states, for the purpose of aiding and encouraging said rebellion, and received for that purpose by the parties to whom they were issued." This plea was verified as follows:

"Thomas P. Metcalf, president of the Mechanics' Bank, being duly sworn, saith that he has reason to believe that the obligations or evidences of indebtedness upon which the above stated suit is founded, or some part thereof, have been given in and for the illegal purpose set forth in the foregoing plea. Sworn to," etc.

The plaintiff demurred to said plea. The demurrer was overruled and plaintiff excepted.

The jury found for the defendant. Error is assigned upon the above ground of exception.

HENRY W. HILLIARD; Z. D. HARRISON, for plaintiff in error.

W. T. GOULD; W. H. HULL, for defendant.

TRIPPE, Judge.

1. In *Kimbro vs. The Bank of Fulton*, 49 *Georgia*, 419, it was held that where a defendant sets up by plea that the contract is void, on the ground that it was made for the purpose of aiding and encouraging "*the late rebellion*," it is necessary that the facts should be stated in such plea going to show how and in what way the contract was intended to give such encouragement and aid. Under that ruling this plea is defective, and the demurrer should have been sustained on that ground.

2. The other questions made on the trial come within the decisions in the cases of *Dobbins vs. Sibley*, and *Branch vs. Baker*, pronounced at the present term, and are controlled by them. They need not be repeated here.

Judgment reversed.